**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Civil Action No. 1:17-cv-07456 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LU LIN, | ) | |
| also known as Yung Yeung, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT MOTION FOR CONSENT JUDGMENT
## OF NATURALIZATION REVOCATION

The United States of America ("Plaintiff") and Lu Lin ("Defendant"), by and through their respective counsel, jointly move this Court to enter a Consent Judgment of Naturalization Revocation. Supporting this motion is Defendant's admission to, and acknowledgment of the truth of, the allegations contained in Count Seven of the Complaint to Revoke Naturalization ("Complaint"), as well as the admitted, undisputed facts outlined below. *See* ECF No. 1 at ¶¶ 132-37.

Under 8 U.S.C. § 1451(a), this Court must revoke Defendant's naturalization and cancel his Certificate of Naturalization if his naturalization either was illegally procured or was procured by concealment of a material fact or willful misrepresentation. An alien procures naturalization by concealment of material fact or willful misrepresentation where (1) the naturalized citizen concealed or misrepresented some fact; (2) the concealment or misrepresentation was willful; (3) the fact was material; and (4) the naturalized citizen procured his citizenship as a result of the concealment or misrepresentation. *See Kungys v. United States*, 485 U.S. 759, 767 (1988); 8 U.S.C. § 1451(a).

Defendant admits the following facts as undisputed:

1. Pursuant to a plea agreement executed and filed on August 2, 2016, *see United States v. Lin*, *a/k/a Yung Yeung*, No. 1:16-cr-00026, ECF No. 35 (N.D. Ill. Aug. 2, 2016), Defendant pled guilty to Count Two of a Superseding Information, knowingly and willfully making materially false statements in a matter within the jurisdiction of the Executive Branch of the government of the United States, in violation of 18 U.S.C. § 1001(a)(2), *see id.* at ECF No. 31. Defendant admits in the plea agreement that (i) he falsely indicated in the Form N-400, Application for Naturalization ("naturalization application") that he submitted to U.S. Citizenship and Immigration Services ("USCIS"), and falsely affirmed at his January 12, 2006 interview with USCIS in support of his naturalization application, that he had never used other names and that he had never been a member of or associated with the Communist Party; (ii) he knew he had used the alias name Yung Yeung, had been issued and had knowingly used an identification document identifying him as Yung Yeung, and had been a member of the Chinese Communist Party from 1987 to 1997; (iii) his misrepresentations as to his alias name and Chinese Communist Party membership were material to USCIS's naturalization determination; and (iv) he made these misrepresentations so that he would be granted citizenship. *See id.* at ECF No. 35.

2. On or about June 9, 1999, Defendant filed with Immigration and Naturalization Service ("INS") a Form I-485, Application to Register Permanent Residence or Adjust Status ("adjustment application"), seeking to adjust his immigration status to lawful permanent resident. ECF No. 1 at ¶ 9. Also on or about this same day, Defendant submitted with his adjustment application a Form G-325A, Biographic Information ("Form G-325A"). *Id.* at ¶ 13. As to his adjustment application, Defendant provided false information to the government by indicating he

had never been a member of or affiliated with the Communist Party. As to his Form G-325A, Defendant provided false information to the government by failing to indicate his "other names used" where instructed to do so in the form.

3. On or about July 28, 2005, Defendant filed his naturalization application with USCIS. *Id*. at ¶ 16. In his naturalization application, Defendant willfully misrepresented that he had never used other names; had never been a member of or associated with the Communist Party; had never committed a crime or offense for which he was not arrested; and had never provided false information to a United States government official while applying for any immigration benefit. *Id*. at ¶¶ 17-21, 134.

4. On January 12, 2006, USCIS interviewed Defendant under oath in support of his naturalization application. *Id*. at ¶ 23. At this naturalization interview, through oral responses to questions, Defendant willfully misrepresented that, other than the YMCA, he had not ever been a member of or associated with any organization, association, fund, foundation, party, club, society or similar group in the United States or in any other place; he had never been a member of or associated with the Communist Party; he had never committed a crime or offense for which he was not arrested; and he had never given false or misleading information to a United States government official while applying for any immigration benefit. *Id*. at ¶¶ 24-27, 134.

5. On August 28, 2008, USCIS again interviewed Defendant under oath in support of his naturalization application. *Id*. at ¶ 29. At this second naturalization interview, through oral responses to questions, Defendant willfully misrepresented that he had never been a member of or associated with the Communist Party; had never committed a crime or offense for which he was not arrested; and had never given false or misleading information to a United States government official while applying for any immigration benefit. *Id*. at ¶¶ 30-32, 134.

6. On September 15, 2008, Defendant was administered the oath of allegiance, admitted to United States citizenship, and issued Certificate of Naturalization No. 31903839. *Id*. at ¶ 39.

Defendant's above misrepresentations were willful because he knew they were false. *Id*. at ¶ 135. His misrepresentations likewise were material because they had the natural tendency to influence the decision by USCIS to approve his naturalization application. *Id*. at ¶ 136. But for Defendant's misrepresentations, his statutory ineligibility for naturalization due to his Communist Party membership would have been disclosed. *Id*. Similarly, but for his misrepresentations, his false statements concerning other names used, crimes he had committed but had not been arrested for, and his provision of false information to a United States government official while applying for an immigration benefit all would have been disclosed. *Id*. Had Defendant provided USCIS with these disclosures, USCIS would not have approved his naturalization application or administered the oath of allegiance. *Id.*

Defendant, having fully discussed this case with his counsel, agrees with Plaintiff that naturalization revocation is warranted pursuant to Count Seven of the Complaint. *See id*. at ¶¶ 132-37. Defendant further agrees that, to avoid delay, uncertainty, inconvenience, and the expense of further litigation, he does not wish to further contest naturalization revocation. Accordingly, Plaintiff and Defendant jointly move this Court for an order providing the relief requested in the attached proposed Consent Judgment of Naturalization Revocation.

The parties jointly request that the Court's judgment be effective no earlier than June 7, 2018. The parties also jointly request the Court to set a hearing for approximately 14 days from the effective date of judgment, which would be approximately June 21, 2018, at which Defendant must demonstrate that he has complied with the Judgment, unless the United States

provides notice to the Court prior to the hearing that Defendant has fully complied and the

Judgment is satisfied.


Respectfully submitted,

**FOR Lu Lin:**

_____

LU LIN

Defendant


Dated: May 24, 2018


Subscribed and sworn before me this 24 day of May, 2018.

Patricia Underwood

Notary Public


My commission expires Dec 1, 2018.

```
OFFICIAL SEAL
PATRICIA UNDERWOOD
Notary Public - State of Illinois
My Commission Expires Dec 1, 2018
```

_/s/  Robert T. Carpenter_

ROBERT T. CARPENTER, ESQ.

Carpenter & Capt, Chartered

53 West Jackson Blvd, Ste. 1752

Chicago, Illinois  60604

Tel.: (312) 803-5110

rcarpenter@carpenterandcapt.com


Dated May 29, 2018

_Counsel for Defendant_

//

//

//

//

//

//

**FOR the United States of America:**

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

TIMOTHY M. BELSAN
Deputy Chief, National Security and Affirmative Litigation Unit
District Court Section
Office of Immigration Litigation

By:   /s/ *Christopher W. Hollis*
CHRISTOPHER W. HOLLIS
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 305-0899; 616-8962 (fax)
christopher.hollis@usdoj.gov

Dated:   May 29   , 2018

*Counsel for Plaintiff*